UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTHONY JANKOWSKI, II,<br><br>Petitioner/Plaintiff,<br><br>v.<br><br>JEANETTE JANKOWSKI,<br><br>Respondent/Defendant. | Case No.: 20cv271-CAB-MDD<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

On February 12, 2020, Petitioner/Plaintiff Daniel Jankowski, proceeding *pro se*, filed a Notice of Removal [Doc. No. 1] wherein he purports to remove a Request for Order of Child Support, Spousal Support and Medical Expenses filed by Respondent/Defendant Jeannette Jankowski on October 29, 2019 in the ongoing San Diego Superior Court case entitled *Jankowski v. Jankowsi,* case no. ED45359. [Doc. No. 1-2.] After reviewing the notice of removal and the underlying pleadings, the Court finds that the Court lacks subject matter jurisdiction over this case. Accordingly, the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346

1

20cv271-CAB-MDD

F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). "The defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Here, the person who filed the notice of removal, Daniel Jankowski, is the Plaintiff/Petitioner in the underlying state court case (a divorce/support proceeding) and, therefore, cannot remove the action pursuant to 28 U.S.C. §1441(a). [See Doc. No. 1-2 at 1.] While Daniel Jankowski may not have been the person who filed the Request for Order of Child Support he is, nevertheless, the plaintiff/petitioner in the underlying case. Moreover, even if Daniel Jankowski was somehow a "defendant," the underlying case is clearly a domestic relations action, and federal courts do not have jurisdiction to adjudicate domestic relations actions if they concern divorce, alimony or child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693-95 (1992). Finally, a defendant cannot simply

remove one motion or request in a case, without removing the entire case. 28 U.S.C. §1441(a); *Dillon v. State of Miss. Military Dept.*, 23 F.3d 915, 918 (5th Cir. 1994). Here, Daniel Jankowski admits that the underlying complaint (a divorce petition that he filed) was filed at least before 2003. [See Doc. No. 1 at 2, ¶2.] Therefore, the notice of removal is also untimely. *See* 28 U.S.C. §§1446(b)(1), 2(B), (3), (c)(1).

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and **REMANDS** the case to San Diego County Superior Court.

It is **SO ORDERED**.

Dated: February 19, 2020

Hon. Cathy Ann Bencivengo
United States District Judge